UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

S.S.,

   *Plaintiff*,

v.                                                              Case No.  **SA-24-CV-01055-JKP**

**SCOTT ASH JAMES ZIRUS, CAMP
STEWART FOR BOYS INC., AMERI-
CAN INSTITUTE FOR FOREIGN
STUDY, INC.,**

   *Defendants*.

# O R D E R

Before the Court are the parties' responses to this Court's Show Cause Order prompting briefing on this Court's exercise of supplemental jurisdiction over the state law causes of action. *ECF Nos. 17,19,22,23*. Upon consideration, the Court concludes it shall exercise supplemental jurisdiction over the asserted state law causes of action.

Plaintiff S.S. alleges he was sexually abused by Defendant Scott Ash James Zirus while attending Defendant Camp Stewart for Boys, Inc., during the summer of 2009 when he was seven years' old. *ECF No. 1, par. 7,9*. S.S. alleges Defendant American Institute for Foreign Study, Inc. ("Camp America"), acted as a supply source of counselors to Camp Stewart, and through this relationship, placed Zirus as a counselor at Camp Stewart. *Id. at par. 32*.

S.S. asserts a federal cause of action against Zirus for aggravated sexual abuse under 18 U.S.C. § 2241(c) and § 2255(a), federal statutes imposing civil liability on any person who crosses a state line with the intent to engage in a sexual act with a minor under the age of 12. *Id.*

*at par. 45*. S.S. also asserts state-law causes of action against Zirus for sexual assault and battery and intentional infliction of emotional distress. *ECF No. 1, par. 46-47*. S.S. asserts state-law causes of action against Camp Stewart for fraud, ordinary negligence, negligent misrepresentation, negligent hiring and supervision, and breach of fiduciary duty. *Id. at pars. 48– 73*. Against Camp America, S.S. asserts a cause of action for negligence. *Id. at pars. 74-79*. S.S. asserts no federal causes of action against Camp Stewart or Camp America. S.S. pleads subject matter jurisdiction based on federal question jurisdiction. *Id. at par. 5*. Under this basis of jurisdiction, this Court would exercise supplemental jurisdiction over the pendent state law claims asserted against Zirus, Camp Stewart, and Camp America pursuant to 28 U.S.C. § 1367(a).

This Court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). This Court has discretion whether to exercise (or decline to exercise) its supplemental jurisdiction over pendent state-law causes of action that "substantially predominant[e] over the claim or claims over which the district court has original jurisdiction" or where there are "exceptional circumstances" and "other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). In addition, when evaluating its discretion to exercise supplemental jurisdiction, a district court should also consider and weigh the factors of judicial economy, convenience, fairness, and comity, while, at the same time, providing deference to the plaintiff's choice of forum. *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see also Upton v. Vicknair*, No. CV 21-407, 2021 WL 2635460, at *5 (E.D. La. June 25, 2021), *other ground reversed on reconsideration*, No. CV 21-407, 2023 WL 2043333 (E.D. La. Feb. 16, 2023).

Defendants argue the Court should not exercise its supplemental jurisdiction over the state law causes of action because they do not arise out of a common nucleus of operative facts. In the interest of judicial fairness and efficiency, Defendants contend this Court should decline to exercise supplemental jurisdiction over the state-law causes of action asserted against Camp Stewart and Camp America, requiring those causes of action to be litigated separately in state court. Defendants discourage this Court from following the numerous previously litigated related cases filed and disposed of in this San Antonion Division in which different victims filed suit against these same defendants and asserted identical state-law and federal causes of action, and all varied judges specifically elected to exercise supplemental jurisdiction. In doing so, Defendants argue only that these previously litigated cases are not precedential and "there is no evidence that the specific issue of supplemental jurisdiction raised in this case was ever addressed or ruled upon in those prior decisions."

The Court disagrees. A colleague judge in numerous previously litigated cases in this San Antonio Division did address the specific issue of supplemental jurisdiction after these same Defendants raised identical arguments as those presented to this Court. *See C. W. as next friend of C. W., a minor vs. Scott Ash James Zirus, Camp Stewart for Boys, Inc. and American Institute for Foreign Study, Inc. d/bla Camp America*, 10-CV-01044-XR; *JD., as next friend of B.D., a minor vs. Scott Ash James Zirus, Camp Stewart for Boys, Inc. and American Institute for Foreign Study, Inc. d/b/a Camp America*, No. 11-CV-00659-XR; *S.M, individually and JM, Individually and as next friend of L.M, a minor vs. Scott Ash James Zirus, Camp Stewart for Boys, Inc. and American Institute for Foreign Study, Inc. d/b/a Camp America*, No. 11-CV-00645-XR; *D.D., as next friend of MW., a minor vs. Scott Ash James Zirus, Camp Stewart for Boys, Inc. and American Institute for Foreign Study, Inc. d/b/a Camp America*, 11-CA-00265-XR. Further, in other

related cases involving other victims and in which the same causes of action were asserted, these same defendants did not challenge this Court's supplemental jurisdiction over the same pendent state-law causes of action, and they were resolved in this federal court. *See MB. as next friend of J.B., a minor vs. Scott Ash James Zirus, Camp Stewart for Boys, Inc. and American Institute for Foreign Study, Inc. d/b/a Camp America*; 12-CV-01133-DAE; *W.L., V. vs. Scott Ash James Zirus, Camp Stewart for Boys, Inc. and American Institute for Foreign Study, Inc. d/b/a Camp America*, 19-CV-607-FB.

This Court acknowledges these previous rulings are not precedential; however, this history and the colleague judge's determinations are worthy of great weight and deference. Defendants present no related case involving other victims that were originally filed and litigated in state court, nor do they present any such related case which originated in this San Antonio Division in which the assigned District Judge elected to decline exercise of supplemental jurisdiction over the pendent state-law causes of action. In addition, this Court gives great deference and weight to S.S.'s choice of forum. This Court conducted its own independent review of the facts and circumstances presented in this case, and as concluded previously, finds the asserted pendent state law causes of action are so related to asserted federal cause of action under Section 2255 that they arise from a common nucleus of facts and form part of the same case or controversy. This Court acknowledges the initial concerns that prompted the issuance of the Show Cause Order; however, after consideration of the responses and all relevant factors, concludes the better course of action is to retain the pendent state law causes of action.

Therefore, the Court elects to exercise supplemental jurisdiction over the asserted state-law causes of action because they arise from a common nucleus of operative facts. While judicial economy and efficiency might weigh in favor of declination, this finding and deference given to

S.S.'s choice of forum and the identical conclusions of another judge in this San Antonio Division on this same issue weigh heavier in favor of election to exercise supplemental jurisdiction.

It is so ORDERED.
SIGNED this 28th day of January, 2025.

_____
JASON  PULLIAM
UNITED STATES DISTRICT JUDGE