UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

S. S.,

   *Plaintiff*,

v.                                            Case No. SA-24-CV-01055-JKP

SCOTT ASH JAMES ZIRUS, CAMP
STEWART FOR BOYS INC., AMERI-
CAN INSTITUTE FOR FOREIGN
STUDY, INC.,

   *Defendants*.

## O R D E R

Before the Court is Defendant Scott Zirus's Motion for Reconsideration of this Court's Order declaring it will exercise supplemental jurisdiction over the state law causes of action asserted against Defendants Camp Steward for Boys and American Institute for Foreign Study. *ECF No. 25*. No party responded to the Motion. Upon consideration, the Motion is DENIED.

### Factual Background

S.S. asserts a federal cause of action against Zirus for aggravated sexual abuse under 18 U.S.C. § 2241(c) and § 2255(a), federal statutes imposing civil liability on any person who crosses a state line with the intent to engage in a sexual act with a minor under the age of 12. *ECF No. 1, par. 45*. S.S. also asserts state-law causes of action against Zirus for sexual assault and battery and intentional infliction of emotional distress. *Id. at pars. 46-47*. S.S. asserts state-law causes of action against Camp Stewart for fraud, ordinary negligence, negligent misrepresentation, negligent hiring and supervision, and breach of fiduciary duty. *Id. at par. 48*. Against

Camp America, S.S. asserts a cause of action for negligence. *Id. at pars. 74-79*. S.S. asserts no federal causes of action against Camp Stewart or Camp America. S.S. pleads subject matter jurisdiction based on federal question jurisdiction. *Id. at par. 5*.

On January 28, 2025, this Court issued an Order stating it would exercise supplemental jurisdiction over the state law causes of action asserted against Defendants Camp Steward for Boys and American Institute for Foreign Study pursuant to 28 U.S.C. § 1367(a). *ECF No. 24*. This Court elected to exercise supplemental jurisdiction over the asserted state-law causes of action because they arise from a common nucleus of operative facts, stating, "[w]hile judicial economy and efficiency might weigh in favor of declination, this finding and deference given to S.S.'s choice of forum and the identical conclusions of another judge in this San Antonio Division on this same issue weigh heavier in favor of election to exercise supplemental jurisdiction."

Although Plaintiff S.S. does not assert any state-law causes of action against Zirus, he now files this Motion for Reconsideration "acknowledge[ing] that he does not have the authority to litigate on behalf of his co-Defendants," but requesting this Court reconsider its exercise of supplemental jurisdiction over the state law causes of action asserted against them because these causes of action are barred by the statute of limitations.

**Legal Standard**

A court may revise any non-dispositive, pre-judgment order at any time and for any reason it deems sufficient. Fed. R. Civ. P. 54; *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). A motion to reconsider pursuant to Federal Rule 54 calls into question the correctness of an order and serves the narrow purpose of allowing a party to correct manifest errors of law or fact, to present newly discovered evidence, or to bring an intervening change in the controlling law to the Court's attention. *Templet v. Hydro Chem, Inc.,* 367 F.3d 473, 478-79 (5th Cir. 2004);

*Schiller v. Physicians Res. Group, Inc.,* 342 F.3d 563, 567-68 (5th Cir. 2003); *Krim v. pcOrder, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002). A motion for reconsideration is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Id.*

## Analysis

In his Motion for Reconsideration, Zirus does not present any manifest errors of law or fact, present newly discovered evidence, nor bring an intervening change in the controlling law to the Court's attention. *See Templet,* 367 F.3d at 478-79. In addition, Zirus acknowledges he does not hold "standing" to assert this argument on behalf of the codefendants. Consequently, Zirus fails to present a proper basis for reconsideration of the Court's decision to exercise supplemental jurisdiction over the state law causes of action asserted against them. *See id*.

For this reason, Zirus's Motion for Reconsideration is DENIED.

It is so ORDERED.
SIGNED this 10th day of March, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE