UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

S.S.,

    *Plaintiff*,

v.    Case No. 5:24-CV-01055-JKP

SCOTT ASH JAMES ZIRUS, CAMP STEWART FOR BOYS INC., AMERICAN INSTITUTE FOR FOREIGN STUDY, INC.,

    *Defendants*.

# ORDER

Before the Court is *pro se* Defendant Scott Ash James Zirus' ("Zirus") Notice Concerning Federal Rule of Civil Procedure 12(h)(3) ("Notice"). *ECF No. 28*. Plaintiff S.S. filed a Response. *ECF No. 29*. Upon consideration, the Court **DENIES** Zirus' requested relief.

Under federal law, which governs the pleading requirements of a case in federal court, *see TIG Ins. Co. v. Aon Re, Inc.*, 521 F.3d 351, 357 (5th Cir. 2008), the statute of limitations is an affirmative defense, and the burden of proof is on the party pleading it, *F.T.C. v. Nat'l Bus. Consultants, Inc.*, 376 F.3d 317, 322 (5th Cir. 2004).[1] A plaintiff is not, therefore, "required to allege that his [or her] claims were within the applicable statute of limitations." *Frame v. City of Arlington*, 657 F.3d 215, 239 (5th Cir. 2011). At the motion to dismiss phase, a complaint should not be dismissed on the basis of the statute of limitations unless the complaint affirmatively demonstrates that the plaintiff's claims are time-barred and fail to raise some basis for tolling. *Id.*

---

[1] *See also Citigroup Inc. v. Fed. Ins. Co.*, 649 F.3d 367, 371 (5th Cir. 2011) (treating the statute of limitations as an affirmative defense); *Godoy v. Wells Fargo Bank N.A.*, 575 S.W.3d 531, 536 (Tex. 2019) (same).

In the Notice, Zirus contends "[a]ll of the State-tort claims . . . against Defendant Camp Stewart and Defendant Camp America (AIFS) are barred by the Statute of Limitations . . . [and the] State-tort claims of battery and intentional infliction of emotional distress against [him] are also barred by the Statute of Limitations." *ECF No. 28 at 2*. Therefore, according to Zirus "[t]his Court lacks subject matter jurisdiction over these claims." *Id*.

At this stage, the Court cannot determine as a matter of law the Texas limitations period bars S.S.'s causes of action. *See ECF No. 14*. S.S.'s First Amended Complaint does not affirmatively demonstrate S.S.'s causes of action are time-barred. *Id*. Further, S.S.'s First Amended Complaint includes factual allegations relateing to the sexual abuse of minors that, as S.S. points out in their Response, may raise a basis for tolling under Texas law. *Id*.; *ECF No. 29*; *see also* Tex. Civ. Prac. & Rem. Code §§ 16.001, 16.0045(a), 16.0045(b).

In sum, the Court finds the statute of limitations defense is not apparent on the face of S.S.'s First Amended Complaint and therefore dismissal on that basis is not appropriate at this time.

It is so ORDERED.
SIGNED this 2nd day of April, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE

2