IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| S S, | § | |
| | § | |
| *Plaintiff,* | § | SA-24-CV-01055-JKP |
| | § | |
| vs. | § | |
| | § | |
| SCOTT ASH JAMES ZIRUS,  CAMP | § | |
| STEWART FOR BOYS INC., | § | |
| AMERICAN INSTITUTE FOR FOREIGN | § | |
| STUDY, INC., | § | |
| | § | |
| *Defendants.* | § | |

**ORDER**

Before the Court in the above-styled cause of action are Defendant Camp Stewart for Boys, Inc.'s Motion to Quash Subpoena or Notice of Deposition [#37], Defendant Camp Stewart for Boys, Inc.'s First Amended Motion to Quash [#39], and Defendant Camp Stewart for Boys, Inc.'s Motion for Expedited Hearing [#40].  By its motions, Camp Stewart asks the Court to quash the deposition notices for Jeeper Ragsdale and Kathy Ragsdale, issue a protective order prohibiting the scheduling or resetting of depositions until further order of the Court, extend the existing deadlines in the Scheduling Order by 120 days, and expedite the resolution of Defendant's motions.

The Ragsdales are the owners of Camp Stewart for Boys, a summer camp located in Hunt, Texas, where the Texas Hill Country suffered catastrophic flooding on July 4, 2025.  Camp Stewart itself suffered extensive damage, and the Ragsdales tragically lost a close family member (sister and daughter) in the floods.  Plaintiff has noticed the Ragsdales' depositions for September 15 and 16, 2025.  Camp Stewart asks the Court to quash the deposition notices so that the Ragsdales can

focus on urgent personal and family members, including funeral arrangements.  Plaintiff opposes the motion and asks the Court to order that the depositions move forward as scheduled.

A court may quash or modify a subpoena that subjects a person to undue burden.  Fed. R. Civ. P. 45(d)(3).  A court may also issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  Camp Stewart has established that requiring the Ragsdales to sit for their depositions in the immediate aftermath of the historic and catastrophic flooding would subject them to an undue burden considering their current personal and professional losses.  The Court will therefore quash the subpoenas and order the parties to confer on a mutually agreeable date for the Ragsdales' depositions and any other depositions, which shall occur no sooner than October 14, 2025.  This modest continuance will allow the Ragsdales the additional time needed for funeral arrangements and other business and personal matters, as well as ensure that this case continues to progress towards resolution.

Regarding Camp Stewart's motion to continue all deadlines by 120 days, the Court will deny the motion.  The only deadlines falling after the July 4th floods do not expire until mid to late 2026.  It is not necessary to continue those deadlines at this time.  The parties may request future continuances based on good cause.

**IT IS THEREFORE ORDERED** that Defendant Camp Stewart for Boys, Inc.'s Motion to Quash Subpoena or Notice of Deposition [#37] is **GRANTED**.

**IT IS FURTHER ORDERED** that the subpoenas noticing the depositions of Jeeper Ragsdale and Kathy Ragsdale are **QUASHED**.

**IT IS FURTHER ORDERED** that the parties confer on a mutually agreeable date, no sooner than October 13, 2025, to schedule the depositions.

**IT IS FURTHER ORDERED** that Defendant Camp Stewart for Boys, Inc.'s First Amended Motion to Quash [#39] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Camp Stewart for Boys, Inc.'s Motion for Expedited Hearing [#40] is **DISMISSED AS MOOT**.

**IT IS FINALLY ORDERED** that all relief not expressly granted herein is **DENIED**.

SIGNED this 13th day of August, 2025.


ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE